IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| GENOSOURCE, LLC, an Iowa limited liability company,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>INGURAN, LLC, dba SEXING TECHNOLOGIES, a Delaware limited liability company,<br><br>    Defendant/Counter-Plaintiff,<br><br>INGURAN, LLC, dba SEXING TECHNOLOGIES, a Delaware limited liability company,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>HAWKEYE BREEDERS SERVICES, INC.,<br><br>    Third-Party Defendant. | Case No. 18-CV-113-CJW-KEM<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**ORAL ARGUMENT REQUESTED BY TELEPHONIC HEARING** |

    Plaintiff GenoSource, LLC ("GenoSource") files this Motion for Sanctions pursuant to the Court's inherent authority and 28 U.S.C § 1927. In support of its Motion, Plaintiff states the following:

    1.    GenoSource instituted this Action on October 25, 2018 with diversity as the only asserted basis for jurisdiction, based upon a representation from Defendant Inguran, LLC, dba Sexing Technologies ("ST") regarding its citizenship. (Dkt. 1.) As detailed in the accompanying memorandum of law, ST thereafter admitted allegations concerning its citizenship and the jurisdictional basis for this case. Despite the fact that Rule 11 of the Federal Rules of Civil

Procedure and other applicable rules required ST's counsel to investigate its representations and admissions in each of its signed pleadings, ST and its attorneys either made the conscious decision not to disclose the citizenship of its members, or made a conscious decision not to perform the most basic inquiry into its members' citizenship until ordered to do so by this Court in late February 2019.

2. Following the Court's Order to Show Cause on February 27, 2019 (Dkt. 123), four months after the case began, Defendant Inguran, LLC, dba Sexing Technologies ("ST") revealed, for the first time and directly contrary to repeated judicial admissions made by ST, that because ST and GenoSource both had members that were citizens of Illinois, ST believed that complete diversity was lacking in the case.

3. For the reasons stated in the accompanying memorandum, GenoSource moves for sanctions against ST and its attorneys for misconduct with respect to allegations and representations about ST's citizenship and the jurisdictional basis of this case.

4. ST's and its attorneys' misconduct, which includes violations of Rule 11 of the Federal Rules of Civil Procedure governing candor and diligence, must be characterized as intentional and reckless insomuch as GenoSource's complaint and counsel highlighted the uncertainty regarding diversity at the outset of this case and, despite that, ST's counsel either elected not to determine ST's citizenship before proceeding or did determine the citizenship but elected not to disclose that fact until compelled to do by the Court in late February 2019.

5. This misconduct has caused substantial harm to GenoSource, including resulting in dismissal of its Complaint in this case, thereby depriving GenoSource of its status as plaintiff and its priority among competing actions.

2

6. To alleviate the harm to GenoSource by ST's and its attorneys' misconduct, if only partially, GenoSource requests that the Court consolidate Case No. 19-cv-30, as filed by ST, with the case re-filed by GenoSource against ST, Case No. 19-cv-59, with the GenoSource re-filed action as the lead case and GenoSource positioned as the plaintiff.

7. GenoSource also requests that the Court order that the re-filed case brought by GenoSource, Case No. 19-cv-59, be treated as filed at the time of this original action for purposes of application of the first-filed rule, specifically with respect to any competing or potential actions involving the same parties and claims. To that end, GenoSource requests that, in Case 19-cv-59, the Court enter its prior injunction prohibiting ST from taking any action to pursue the February 2019 action it filed against Mark Butz and Tim Rauen in the Southern District of Texas (Dkt. 122, 147), as well as the preliminary injunction order (Dkt. 73).

8. Finally, GenoSource requests a sanction of the attorneys' fees and costs incurred by GenoSource order ST to pay the attorneys' fees and costs incurred by GenoSource in connection with jurisdictional discovery, briefing and hearings in the matter, as well as the fees and costs associated with bringing this motion, which amounts to approximately $150,000.00. Such relief is appropriate under Eighth Circuit authority as ST's repeated violation of its duties under Rule 11 and professional rules of conduct constitutes bad faith such that this Court may issue sanctions in the form of attorney's fees and costs. 28 U.S.C.§ 1927; *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) (quoting *Lee v. L.B. Sales, Inc.,* 177 F.3d 714, 718 (8th Cir. 1999)) (applying 28 U.S.C. 1927); *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 805 (8th Cir. 2005) affirming finding of bad faith and awarding of sanctions for violations of pretrial orders and multiple state rules of professional conduct); ." Harlan v. Lewis, 982 F.2d 1255, 1260 (8th Cir. 1993).

9. Pursuant to LR 7(k), Counsel for GenoSource conferred with counsel for ST regarding this motion on June 21, 2019. ST opposes this motion.

## **Oral Argument Requested**

Pursuant to LR 7(c), GenoSource, LLC requests oral argument on this motion.

WHEREFORE, Plaintiff GenoSource, LLC respectfully requests that the Court that the Court (1) declare that GenoSource's re-filed action, Case No. 19-cv-59, shall be treated as having been filed as of the date of this action for purposes of determining priority among competing cases that involve the same parties and same issues; (2) consistent with the foregoing, consolidate Case No. 19-cv-30 filed by ST with the case re-filed by GenoSource, Case No. 19-cv-59, with the GenoSource re-filed action as the lead case and GenoSource positioned as the plaintiff; (3) enter the two injunction orders in place in this case in Case No. 19-cv-59; (4) order ST to pay the attorneys' fees and costs incurred by GenoSource in connection with jurisdictional discovery, briefing and hearings in the matter, as well as the fees and costs associated with bringing this motion; and (4) any other such relief as the Court deems just and proper.


Date: June 21, 2019 　　　　　　　　 */s/ Timothy J. Hill*
　　　　　　　　　　　　　　　　　　 TIMOTHY J. HILL (#LI0015821)
　　　　　　　　　　　　　　　　　　　　 Direct Dial: (319) 861-8758
　　　　　　　　　　　　　　　　　　　　 Email: thill@bradleyriley.com
　　　　　　　　　　　　　　　　　　 DAVID M. CAVES (#AT0012961)
　　　　　　　　　　　　　　　　　　　　 Direct Dial: (319) 861-8728
　　　　　　　　　　　　　　　　　　　　 Email: dcaves@bradleyriley.com
　　　　　　　　　　　　　　　　　　　　 of
　　　　　　　　　　　　　　　　　　 BRADLEY & RILEY PC
　　　　　　　　　　　　　　　　　　 2007 First Avenue SE
　　　　　　　　　　　　　　　　　　 P.O. Box 2804
　　　　　　　　　　　　　　　　　　 Cedar Rapids, IA 52406-2804
　　　　　　　　　　　　　　　　　　 Phone: (319) 363-0101
　　　　　　　　　　　　　　　　　　 Fax:　 (319) 363-9824

and

Holly A. Harrison    (Illinois #6191675)
    Direct Dial: (312) 638-8777
    Email: hollyharrison@hlawllc.com
Michael L. Rice    (Illinois #6325385)
    Direct Dial: (312) 638-8781
    Email: mikerice@hlawllc.com
David G. Jorgensen    (Illinois #6309359)
    Direct Dial: (312) 638-8779
    Email: davidjorgensen@hlawllc.com
Katherine Anne Garceau Sobiech
    (Illinois #6323929)
    Direct Dial: (312) 638-8789
    katherinegarceau@hlawllc.com
Harrison Law LLC
One N. LaSalle Street, Suite 2001
Chicago, IL 60602
Phone:    (312) 638-8776
Fax:    (312) 638-8793
(Admitted *Pro hac vice*)

ATTORNEYS FOR GENOSOURCE, LLC

Copy to:

Jesse Linebaugh
Angela Morales
Faegre Baker Daniels LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309-8011
jesse.linebaugh@faegrebd.com
angela.morales@faegrebd.com

Kirt S. O'Neill
Michael Reeder
Dennis Windscheffel
Clayton Matheson
Akin Gump Straus Hauer & Feld LLP
112 E. Pecan Street, Suite 1010
San Antonio, TX 78205
koneill@akingump.com
mreeder@akingump.com
dwindscheffel@akingump.com
cmatheson@akingump.com
*Attorneys for Defendant Inguran, LLC dba Sexing Technologies*

5

Jason M. Craig
John D. Hintze
Emily A. Kolbe
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
[jcraig@ahlerslaw.com](mailto:jcraig@ahlerslaw.com)
[jhintze@ahlerslaw.com](mailto:jhintze@ahlerslaw.com)
[ekolbe@ahlerslaw.com](mailto:ekolbe@ahlerslaw.com)
*Attorneys for Third-Party Defendant*
*Hawkeye Breeders Services, Inc.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this document was served upon the persons listed on this document at the addresses indicated by CM/ECF electronic notification this 21st day of June, 2019. I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Ashley Ness*